IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 05-205 |
| | ) | |
| NAZIM L. BURTON | ) | |
| | ) | |
| Defendant | ) | |

MEMORANDUM ORDER

CONTI, District Judge.

Pending before the court is a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based upon the new amendment to the United States Sentencing Guidelines for crack cocaine offenses ("defendant's motion") (Doc. No. 401) filed by defendant Nazim L. Burton ("defendant"). Upon reviewing defendant's motion, the government's brief in opposition (Doc. No. 403), and defendant's supplemental memorandum in support of a resentencing hearing (Doc. No. 404), defendant's motion is denied for the reasons set forth below.

**I. Background**

On July 13, 2005, a federal grand jury returned an indictment charging multiple defendants with drug-related offenses. Defendant was charged with conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base, in the form known as crack, a Schedule II controlled substance from August 2004 to January 2005 (count two), and conspiracy to distribute and possess with intent to distribute five hundred grams or more of cocaine, from August 2004 to January 2005 (count three).

On July 17, 2006, defendant pled guilty to counts two and three. On October 13, 2006, this court sentenced defendant to a term of imprisonment of ten years, the statutory mandatory minimum penalty applicable to his crack cocaine violation.

On March 5, 2009, defendant filed a motion requesting a re-sentencing hearing to reduce his sentence based upon retroactive application of an amendment to the United States Sentencing Guidelines (the "Sentencing Guidelines" or "guidelines") applicable to crack cocaine violations. (Doc. No. 401.) On March 11, 2009, the government filed its response in opposition. (Doc. No. 403.) On March 16, 2009, defendant filed a supplemental memorandum in support of a reduction of his sentence. (Doc. No. 404.)

## II. Standard of Review

Generally, a district court may not alter a criminal sentence of punishment once it has been imposed. United States v. Wise, 515 F.3d 207, 220 (3d Cir. 2008). If the defendant's sentence, however, was based upon a sentencing range under the Sentencing Guidelines that has been subsequently lowered, then the court may reduce the defendant's term of imprisonment, provided the reduction is consistent with the applicable policy statement issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The applicable policy statement is found at section 1B1.10 of the Sentencing Guidelines. It states that a reduction is warranted where the applicable guideline range has subsequently been lowered as the result of one of the guideline amendments listed in section 1B1.10(c). U.S. SENTENCING GUIDELINES MANUAL § 1B1.10. If the sentencing range is not reduced by a listed amendment, then, under § 3582, the defendant is not eligible for a reduction in sentence. Even if eligible for a reduction, § 3582(c)(2) does not provide for a "full de novo resentencing." United States v. Cothran, 106 F.3d 1560, 1562 (11th

Cir. 1997). The amended sentencing guideline provision is substituted for the corresponding provision, and all other guideline application decisions are not altered. Id.

### III. Analysis

Defendant argues that the Sentencing Commission's amendment 706, which lowered crack cocaine offenses by two levels, authorizes the court to reduce retroactively defendant's term of imprisonment, pursuant to 18 U.S.C. § 3582(c). In his motion, defendant also argues that his post-offense rehabilitation efforts entitle him to a variance or downward departure below the mandatory minimum sentence. The court denies defendant's motion because defendant was sentenced to the statutory mandatory minimum term of imprisonment and the court does not have the jurisdiction to reduce defendant's sentence.

### A. Amendment 706

Amendment 706 of the Sentencing Guidelines authorizes a district court to reduce a defendant's prison sentence pursuant to 18 U.S.C. §3582(c)(2) for a crack cocaine offense if the defendant's sentence was based on a sentencing range that amendment 706 subsequently lowered. See United States v. Poole, 550 F.3d 676, 678 (7th Cir. 2008) (citing 18 U.S.C. § 3582(c)(2)). A reduction in a defendant's prison sentence, however, is not authorized under § 3582(c)(2) and is not consistent with the Sentencing Commission's policy statement if "an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision *(e.g., a statutory mandatory minimum term of imprisonment)*." U.S. SENTENCING GUIDELINES MANUAL § 1B1.10, cmt. n.1 (emphasis added). A district court, therefore, is precluded from reducing a defendant's sentence if that sentence was

3

based upon the statutory mandatory minimum sentence for crack cocaine violations. See United States v. Trapps, 289 F. App'x 953 (7th Cir. 2008).

The guidelines further provide that a defendant cannot be sentenced below the statutory mandatory minimum term of imprisonment. According to section 5G1.1(c) of the guidelines, if a defendant is sentenced on a single count of conviction, "a sentence may be imposed at any point within the applicable guideline range, provided that the sentence . . . is not less than any statutorily required minimum sentence." U.S. SENTENCING GUIDELINES MANUAL § 5G1.1(c).

Here, defendant is not eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) because the court sentenced him to the statutory mandatory minimum term of imprisonment for his crack cocaine violation. In Sanchez-Cordero v. United States, No. 08-3933, 2009 WL 624063, at *1 (3d Cir. Mar. 12, 2009), the defendant was sentenced to the statutory mandatory minimum sentence of ten years for possession of more than fifty grams of crack cocaine. The Court of Appeals for the Third Circuit held that the defendant was ineligible for a sentence reduction, because he was sentenced to a mandatory minimum term of imprisonment. Id. In United States v. Pearson, No. 04-433, 2008 WL 5101639, at *1 (E.D. Pa. Dec. 3, 2008), the defendant was convicted with intent to distribute crack cocaine base, and was sentenced to the statutory mandatory minimum term of imprisonment of ten years. The court held that since amendment 706 had no impact upon statutory mandatory minimum sentences, the defendant's motion was denied. Id. Similarly, in United States v. Moore, No. 01-0145, 2008 WL 1859988, at *1 (W.D. Pa. Apr. 25, 2008), the defendant was convicted of possession with intent to distribute five or more grams of cocaine, and was sentenced to the statutory mandatory minimum term of imprisonment of sixty months. The court denied the defendant's request for a sentence reduction because the defendant was sentenced to the statutory mandatory minimum term of

imprisonment, and amendment 706 did not have the effect of lowering the applicable guideline range. Id.

Other jurisdictions have denied motions for a reduction of sentence pursuant to § 3582(c)(2) when the defendant received a statutory mandatory minimum sentence. See, e.g., Poole, 550 F.3d at 677 (Court of Appeals for the Seventh Circuit held that the district court lacked subject-matter jurisdiction to reduce a defendant's sentence because it was based upon the statutory mandatory minimum sentence, and not on a range lowered by retroactive amendment); United States v. Ganun, 547 F.3d 46 (1st Cir. 2008) (Court of Appeals for the First Circuit held that the district court lacked the authority to reduce defendant's sentence, because the defendant was sentenced to a mandatory minimum sentence); United States v. Black, 523 F.3d 892 (8th Cir. 2008) (Court of Appeals for the Eighth Circuit affirmed the district court's decision to limit reduction to the mandatory statutory minimum sentence, since the district court was prohibited from reducing any further, even after United States v. Kimbrough, 128 S. Ct. 558, 574 (2007)); United States v. Dimeo, 28 F.3d 240, 241 (1st Cir. 1994) ("Section 3582(c)(2) confers no power on the district court to reduce a minimum sentence mandated by statute.").

**B. Extraordinary Rehabilitation**

Defendant argues that his rehabilitation efforts entitle him to a sentence reduction. In his motion for resentencing, defendant directs the court to scholastic certificates he received to exemplify his rehabilitation. Defendant's accomplishments are commendable and praiseworthy. This court, however, lacks jurisdiction to modify defendant's prison sentence.

A court is permitted to consider a defendant's rehabilitation efforts as a basis of downward departure in a resentencing hearing, but extraordinary rehabilitation is not a basis for

resentencing pursuant to 18 U.S.C. § 3582(c). Guerrero v. United States, 151 F. Supp. 2d 446, 449 (S.D.N.Y 2001).

Here, defendant cannot be resentenced. As already discussed, amendment 706 is not applicable to defendant because he was sentenced to the statutory mandatory minimum term of imprisonment. Therefore, this court lacks jurisdiction to modify his sentence.

## IV.  Order

AND NOW, this 22nd day of June, 2009, upon consideration of petitioner's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 401), petitioner's supplemental memorandum in support of a re-sentencing hearing (Doc. No. 404), and the government's brief in opposition (Doc. No. 403), IT IS HEREBY ORDERED that defendant's motion is DENIED.


By the court:


 /s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge

cc:   Counsel of Record

   Nazim Burton
   Reg. No. 08585-068
   USP Marion
   P.O. Box 1000
   Warren, IL 62959